The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Holmes and the briefs and arguments of the parties. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award except with minor modifications.
 ***********
The Full Commission finds as fact and concludes as matters of law, the following, which were entered into by the parties in a Pre-Trial Agreement and at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. The parties are properly before the Commission and subject to the North Carolina Workers' Compensation Act.
2. The employer-employee relationship existed between employee-plaintiff and employer-defendant at all times relevant to this claim.
3. Travelers Property Casualty Corp. was the carrier of workers' compensation insurance for employer-defendant at all times relevant hereto.
4. Employee-plaintiff's average weekly wage based upon an Industrial Commission Form 22, which was stipulated into evidence, is $425.10, yielding a compensation rate of $283.40.
5. The parties stipulated a packet of plaintiff's medical records into the evidentiary record. Furthermore, the parties stipulated that the issues to be determined would be limited to whether plaintiff sustained an injury by accident on April 20, 1999.
 ***********
Based upon the findings of fact found by the Deputy Commissioner and the evidence of record, the Full Commission finds as follows:
 FINDINGS OF FACT
1. Plaintiff was forty-six years old at the time of the hearing before the Deputy Commissioner and a high school graduate. Plaintiff also attended community college, taking business courses.
2. Plaintiff's prior employment includes working as a billing clerk for a trucking company, working for a printing company and babysitting.
3. Plaintiff began working for defendant-employer in 1973 as a clerk typist. Her duties included assisting customers who were picking up furniture, answering the telephone, handling billing and filing. Plaintiff remained in this position on April 20, 1999.
4. Plaintiff testified that on April 20, 1999, while assisting a customer, plaintiff reached through a window with her left arm, heard a pop and felt radiating pain from her arm down her left leg. Plaintiff then placed some documents on a file cabinet, stood up to give a bill to the customer and felt pain shooting down her right leg and numbness from her knee downward.
5. Although plaintiff testified that the office manager who worked in her area, Pat Hayes, saw that plaintiff was having problems at the time of the alleged incident and suggested that she get up and walk around, Ms. Hayes denied that plaintiff ever reported such an injury and further disputed plaintiff's testimony that Ms. Hayes later had to assist plaintiff with her work.
6. Although plaintiff testified that on April 20, 1999 she reported to Cindy Griffith, the Human Resources Manager, that she had sustained an injury, Ms. Griffith contradicted plaintiff indicating that no conversation took place and Ms. Griffith had no knowledge of any claim of a work related injury until August of 1999.
7. Plaintiff testified that on the day of the alleged injury, she experienced so much difficulty walking that she had to hold onto some boxes while walking and encountered her supervisor, George Huffman who witnessed her difficulty. Significantly, Mr. Huffman contradicted plaintiff and indicated that he did not observe plaintiff's difficulty nor did plaintiff report a work-related injury to him. Furthermore, when answering interrogatories under oath, plaintiff did not list Mr. Huffman as a person with knowledge of her claim or injury and did not identify him as someone with whom she had discussed her injury.
8. Plaintiff sought medical treatment two days later on April 22, 1999, without consulting the company nurse or her supervisor when she was seen at the emergency room of Lexington Memorial Hospital. Plaintiff reported to the triage nurse that she had had pain from the right hip down her leg for four days, two days earlier than the alleged injury date. Significantly, plaintiff indicated to the nurse that she was not aware of any injury. Furthermore, plaintiff reported to the emergency room physician that she had had back pain for several days, possibly related to lifting at home. Plaintiff did not report to anyone at the emergency room that she had sustained an injury at work.
9. With the exception of half a day on April 22, 1999, plaintiff continued to perform her regular job through May 7, 1999. On May 10, 1999, a Monday, she called her supervisor, Mr. Huffman, at home at 6:30 a.m., and reported to him that she was unable to come to work due to back pain, which she attributed to "overdoing it" at home waxing her car and mowing her yard that weekend.
10. Plaintiff sought treatment from Dr. Mark Weiser, her family physician, on May 25, 1999. Once again, plaintiff did not report a work-related injury. Furthermore, plaintiff advised Dr. Weiser that her back pain began on April 1, 1999.
11. Plaintiff filed a claim under a company sponsored and funded short-term disability plan and received payment at the rate of $150.00 per week for the period of May 17, 1999 through August 18, 1999. Under the plan, benefits are not due and payable in the event of a work related injury. Significantly, plaintiff did not file a claim for workers' compensation benefits until after she was advised that she had received the maximum benefits afforded under the short-term disability plan.
12. Plaintiff has made no attempt to return to work with defendant-employer and has made no attempts to obtain other employment.
13. Although during her testimony plaintiff initially denied any prior back problems, she later admitted that on April 1, 1999, she had fallen down the steps in her basement and had hurt her back. This is consistent with plaintiff's report to Dr. Weiser that her back pain began on April 1, 1999. Moreover, plaintiff further admitted that her earlier testimony denying any prior back problems was false.
14. Plaintiff's testimony attributing her symptoms, alleged disability and medical treatment to a work-related incident of April 20, 1999 is contradicted by the testimony of three credible witnesses, by plaintiff's medical records, by plaintiff's responses to discovery, by plaintiff's own testimony and by other credible evidence of record. Accordingly, plaintiff's testimony supporting her contentions regarding a work-related injury of April 20, 1999 is not credible and, therefore, is given very little weight.
 ***********
Based on the foregoing findings of fact, the Full Commission concludes as follows:
 CONCLUSION OF LAW
Plaintiff has failed to prove by the greater weight that she sustained a compensable injury by accident or specific traumatic incident arising out of and in the course of her employment with defendant-employer on April 20, 1999. N.C.G.S. § 97-2(6).
 ***********
Based on the foregoing findings of fact and conclusions of law, the Full Commission adopts and affirms the holding of the Deputy Commissioner and enters the following:
 ORDER
1. Under the law, plaintiff's claim must be, and the same is hereby, DENIED.
2. Each party shall bear its own costs.
This the ___ day of August 2001.
 S/_______________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER